TAM:EP:mmz

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CRIMINAL NO.: 1:CR-00-234-01 |
| | ) |
| v. | ) (Judge Kane) |
| | ) |
| **FREDERICK JACKSON** | ) (Electronically filed) |

### GOVERNMENT'S RESPONSE TO PETITIONER'S AMENDED MOTION PURSUANT TO 28 U.S.C. § 2255

### STATEMENT OF FACTS

On August 23, 2000, the petitioner, Frederick Jackson, was indicted for harboring a fugitive in violation of Title 18, United States Code § 1071. On January 9, 2001, the petitioner was convicted after a jury trial before this Honorable Court. Petitioner was sentenced to 51 months confinement on July 18, 2001. A notice of appeal was filed on July 23, 2001 and on December 18, 2002, the Third Circuit Court of Appeals affirmed the petitioner's conviction and sentence. The mandate was issued on January 9, 2003. The petitioner did not file a petition for certiorari with the Supreme Court of the United States. Petitioner's conviction became final for direct review purposes on April 11, 2003. On March 17, 2004, petitioner filed a motion pursuant to 28 U.S.C. § 2255 and amended that petition on several occasions, including September 7, 2004, in which the petition raises a <u>Blakely</u> issue.

**ARGUMENT**

I.  **DEFENDANT CANNOT RAISE A CLAIM UNDER BLAKELY BECAUSE BECAUSE BLAKELY IS NOT APPLICABLE TO DEFENDANTS WHOSE CONVICTIONS WERE FINAL BEFORE BLAKELY WAS DECIDED.**

In his section 2255 motion, defendant attempts to raise a claim under Blakely v. Washington, 124 S. Ct. 2531 (2004). Defendant cannot raise a claim under Blakely because Blakely is not applicable to defendants whose convictions became final on direct review before Blakely was decided – as every court to reach the issue has ruled.

Blakely is an application of the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000). Blakely, 124 S. Ct. at 2536-37. On the same day Blakely was decided, its author, Justice Scalia, authored Schiro v. Summerlin, 124 S. Ct. 2519 (2004), holding that an application of Apprendi was not applicable to defendants whose convictions had become final on direct review before it was decided.

Specifically, the Summerlin Court addressed Ring v. Arizona, 536 U.S. 584 (2002), which applied Apprendi to death penalty cases and which required a jury, rather than a judge, to decide whether a capital aggravating factor had been proven beyond a reasonable doubt. In Summerlin, the Supreme Court held that "Ring adopted a new procedural rule that does not apply retroactively to cases already final on direct review." 124 S. Ct. at 2526. The Court ruled that the principle adopted in Apprendi and applied in Ring was not a change in substantive criminal law, but instead was a new rule of procedure, "which generally do not apply retroactively." 124 S. Ct. at 2522-24. The Court further ruled that the Apprendi/Ring principle did not fall within the "'extremely narrow'" exception for "watershed rules of criminal procedure," because having facts

2

found by a judge rather than a jury did not "implicate the fundamental fairness and accuracy of the criminal proceeding." 124 S. Ct. at 2524-26 *quoting* Tyler v. Cain, 533 U.S. 656, 667 n. 7 (2001), Saffle v. Parks, 494 U.S. 484, 495 (1990) and Teague v. Lane, 489 U.S. 288, 311 (1989) (plurality opinion).  The Court therefore held that the Apprendi principle applied in Ring could not be raised on collateral review even by a capital defendant complaining that a judge, rather than a jury, found the aggravating factor that resulted in his death sentence.  124 S. Ct. at 2521-26.  The Court closed by emphasizing that while the right to a jury trial was fundamental:

> it does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State has faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in the hope that we will one day have a change of heart.

Summerlin, 124 S. Ct. at 2526; *see* Blakely, 124 S. Ct. at 2549 (O'Connor, J., dissenting) (under Summerlin, "Ring (and a *fortiori* Apprendi) does not apply retroactively on habeas review").

Moreover, consistent with the reasoning of Summerlin, the Third Circuit (and all other courts of appeals) have held that Apprendi is "a new rule of criminal procedure," does not fall within the "watershed" exception, and is not retroactively applicable to cases on collateral review.  *See, e.g.,* United States v. Swinton, 333 F.3d 481, 484-91 (3d Cir. 2003); United States v. Jenkins, 333 F.3d 151, 151-54 (3d Cir. 2003) ("Apprendi is about nothing but procedure – who decides a given question (judge versus jury) and under what standard (preponderance versus reasonable doubt)").

3

Like Ring and Apprendi, Blakely constitutes a new rule of criminal procedure. Simpson v. United States, 376 F.3d 679, 680-82 (7th Cir. 2004); Garcia v. United States, 2004 WL 1752588, at *5-6 (N.D. N.Y. 2004); Morris v. United States, 333 F. Supp.2d 759, 768-70 (C.D. Ill. 2004).[1] "Because Blakely, like Ring, is based on an extension of Apprendi, every court to reach the issue has ruled that Blakely is similarly inapplicable to cases which were final on direct review when Blakely was decided on June 24, 2004. Garcia, 2004 WL 1752588, at *5-6; Morris, 333 F. Supp.2d at 768-72; *accord, e.g.,* United States v. Beatty, 2004 WL 1759028, at *1 (4th Cir. 2004) (unpublished); Schaffner v. LeBlanc, 2004 WL 2360684, at *8 (S.D. N.W. 2004); Orchard v. United States, 332 F. Supp.2d 275, 277 (D. Me. 2004) (citing cases); United States v. Lowe, 2004 WL 1803354 (N.D. Ill. 2004); *see* United States v. Lightfoot, 2004 WL 2360373, at

---

[1] In her dissenting opinion in Blakely, Justice O'Connor expressed concern that defendants will argue Blakely was "dictated" by Apprendi and thus not "new," in order to argue that "all criminal sentences imposed under the federal . . . guidelines since Apprendi was decided in 2000 arguably remain open to collateral attack." 124 S. Ct. at 2549 (O'Connor, J., dissenting). As is evident in the remainder of her dissent, however, Justice O'Connor regarded Blakely as an "extension" of Apprendi. 124 S. Ct. at 2543, 2545-46 & n. 1 (O'Connor, J., dissenting). *See also* United States v. Penaranda, 375 F.3d 238, 245 n. 6 (2d Cir. 2004) ("dissenting opinions are not always a reliable guide to the meaning of the majority; often their predictions partake of Cassandra's gloom more than of her accuracy"). Indeed, a case is dictated by precedent only if "the unlawfulness of [respondent's] conviction was apparent to all reasonable jurists," and the dissents in Blakely are sufficient to show that "reasonable jurists could have differed as to whether the [Apprendi] principle compelled [Blakely]." *See* Beard v. Banks, 124 S. Ct. 2504, 2511-12 (2004); *e.g.,* Blakely, 124 S. Ct. at 2561 (Breyer, J., dissenting). Because Blakely "was not dictated or compelled by Apprendi and its progeny," it is a new rule of constitutional procedure that is inapplicable to cases already final. *See* Simpson, 376 F.3d at 681; *see also* Graham v. Collins, 506 U.S. 461, 467 (1993); Sawyer v. Smith, 497 U.S. 227, 234 (1990); Saffle v. Parks, 494 U.S. at 491; Teague, 489 U.S. at 301.

*2 (W.D. Wis. 2004) (because Blakely is not retroactive, it cannot be raised by a Rule 60(b) motion in a § 2255 proceeding); *see also* In re Dean, 373 F.3d 1287, 1290 (11th Cir. 2004) (in Summerlin, "the Supreme Court has strongly implied that Blakely is not to be applied retroactively"); Black v. United States, 2004 WL 2009364, at *3 & n. 6 (D. Del. 2004) (same).  Blakely is therefore inapplicable to defendant's case, which became final on direct review when the period for seeking certiorari expired on April 11, 2003. Accordingly, the United States respectfully requests that this Court reject defendant's attempt to raise Blakely on collateral review.

In any event, defendant cannot show cause or prejudice for his failure to raise – prior to or during his plea/trial, his sentencing, or his direct appeal – the claim that these facts had to be alleged in the indictment, found by the jury, or proven beyond a reasonable doubt.  United States v. DiGregorio, 2004 WL 1964875, at *7 (E.D. Pa. 2004) (rejecting Blakely claim because it was not raised in direct appeal).  Defendant must show cause and prejudice for failure to raise an "available" claim, and a claim is "available" if other defendants had litigated the claim, even if the claim would have been "unacceptable to that particular court at that particular time."  Bousley v. United States, 523 U.S. 614, 622-23 (1998) (quoting Engle v. Isaac, 456 U.S. 107, 130 n. 35 (1982)); *accord* Smith v. Murray, 477 U.S. 527, 536-37 (1986).  Before Blakely, many defendants had raised Blakely-type claims.  United States v. Levy, 379 F.3d 1241, 1243

n. 3 (11th Cir. 2004).[2]  Defendant has failed to show cause for failing similarly to preserve the claim.

Defendant cannot show cause by claiming that his counsel was ineffective for not raising such a claim.  Although such a claim was available, it was not unreasonable for counsel to shy away from claims that had already been rejected by this Court (and indeed every circuit) and instead focus on claims more likely to succeed.  Accordingly, "counsel's failure to anticipate Blakely would not constitute unreasonable performance." Campbell v. United States, 2004 18888604, at *3 (1st Cir. 2004) (unpublished); Aird v. United States, ____ F. Supp.2d ____, 2004 WL 2293697, at 6 & n. 12 (S.D. Ala. 2004); Orchard, 332 F. Supp.2d at 276-77.

II.   **ALLEGED INEFFECTIVE ASSISTANCE BY TRIAL DEFENSE COUNSEL**

Petitioner claims that his trial defense counsel, Robert Tarman, was ineffective for failing to raise the following issues:

1. Disqualify the presiding District Court Judge;

2. Object to testimony of a government witness (Rodney Mosley);

---

[2]*See e.g.,* United States v. Parmelee, 319 F.3d 583, 591 (3d Cir. 2003); United States v. Waters, 313 F.3d 151, 155 n. 1 (3d Cir. 2002); United States v. Sanchez-Gonzalez, 294 F.3d 563, 565 (3d Cir. 2002); United States v. Perez, 280 F.3d 318, 354 (3d Cir. 2002); United States v. DeSumma, 272 F.3d 176, 181 (3d Cir. 2001); United States v. Barbosa, 271 F.3d 438, 456 (3d Cir. 2001); United States v. Vazquez, 271 F.3d 93, 98 (3d Cir. 2001) (*en banc*); United States v. Williams, 235 F.3d 858, 862 (3d Cir. 2000).

    3.      Object to United States refusal to confirm Rodney Mosely as a witness or turn over Mosely's statement prior to trial; and

    4.      Failure to raise the above issues on appeal.

There is no merit to any of petitioner's claims.  In order for Attorney Tarman to have been ineffective for failing to raise an issue, the issue must have some merit.  Since petitioner's claims are frivolous and are not supported by the record, Attorney Tarman could not be ineffective for failing to raise any of them.

    First, there is no support in the record nor any basis upon which to disqualify the presiding District Court Judge.  Petitioner's entire claim rests upon his Court's mere mention during petitioner's sentencing that petitioner's name came up in another drug case tried before the Court.  This Court's comment was in direct response to petitioner's claim at his sentencing that he was not involved in drugs (notwithstanding the fact that he had just been convicted of transporting an indicted drug trafficker to Florida to avoid arrest).  The Court's observation played no part in the sentence the petitioner received.  The only other alleged evidence of bias by the Court is petitioner's claim that the Court issued a search warrant for petitioner's residence due to this alleged bias.  The problem with petitioner's claim is that this Court did not issue the search warrant complained of, it was, in fact, authorized by Magistrate Judge Smyser.  The presiding Judge did not have anything to do with the decision to indict and seek an arrest warrant for Rodney Mosely. Petitioner's allegations are simply wrong and clearly unsupported by any evidence.

Second, petitioner claims that Attorney Tarman should have objected to the United States calling Rodney Mosely as a witness since the government failed to confirm or deny he would be a witness prior to trial. There is no law, rule or provision of the Court's practice order which requires that the United States provide a list of all of its witnesses prior to trial (except in a capital case). While our practice is to provide <u>Jenks</u> material the Friday before a Monday jury selection, that is not always the case if there is a need to protect the witnesses or their family. In this case, Mosely, who was confined, was cooperating with law enforcement and was concerned that if his cooperation became known to the petitioner and his family, Mosely's mother would be in danger. The United States agreed to protect Mosely's identity as long as it could. Attorney Tarman understood the government's position and, in fact, said that he intended to assume that Mosely would testify for the government and would plan accordingly. The record supports Attorney Tarman's statement, as the direct examination of Mosely lasted less than seven pages and cross-examination went on for eleven. Attorney Tarman got Mosely to admit to matters favorable to the defense that Mosely had not disclosed to the government (*e.g.* that petitioner had encouraged Mosely to come back to Harrisburg after a few days to take care of the matter).

Attorney Tarman conducted an effective cross-examination raising Mosely's plea agreement as an issue. Mosely was a reluctant government witness due to his friendship with the petitioner. It is clear from the record that Attorney Tarman exploited this friendship to his advantage. The defense was advised that the United States had evidence that petitioner was involved in narcotics trafficking and that depending on the scope of the cross-examination of Mosely, the defense might open the door to the admission of that

evidence.[3] Attorney Tarman challenged Mosely's testimony and got him to admit to some things favorable to the defense without opening the door to potential rebuttal evidence of petitioner's involvement in Mosely's narcotics trafficking.

There was no legal authority or basis upon which Attorney Tarman could rely, to force the early disclosure of one witness's identity when that witness feared for his mother's safety; therefore, he could not be ineffective for failing to make a pointless objection.

The third issue raised is a claim that the government engaged in misconduct by failing to provide early <u>Jenks</u> material for Mosely. Furthermore, petitioner claims that Attorney Tarman's failure to challenge the government on this matter was ineffective assistance. Since the law requires <u>Jenks</u> material to be turned over after a witness testifies, it cannot be misconduct to turn it over just prior to the witness testifying, which was the situation in petitioner's case, but only with respect to Mosely. All other <u>Jenks</u> material was provided prior to the start of the trial.

The fourth and final matter raised by petitioner concerns his trial defense attorney's failure to raise the three aforementioned issues on direct appeal. Attorney Tarman cannot be ineffective in failing to raise issues on direct appeal that are without merit. Furthermore, the petitioner has failed to even allege that he suffered any prejudice as a result.

---

[3]Petitioner, in fact, pled guilty at a later proceeding to aiding and abetting interstate narcotics trafficking.

**CONCLUSION**

WHEREFORE, the United States respectfully requests that this Honorable Court deny the petitioner's motion.

    Respectfully submitted,

    THOMAS A. MARINO
    UNITED STATES ATTORNEY

    /s/ Eric Pfisterer
    _____
    ERIC PFISTERER
    Assistant U.S. Attorney
    228 Walnut Street, P.O. Box 11754
    Harrisburg, PA 17108
    717/221-4482 (Office)/717/221-2246(Fax)
    ERIC.PFISTERER@USDOJ.GOV

November 10, 2004    Bar No. PA-38492

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 1:CR-00-234-01 |
| | ) |
| v. | ) (Judge Kane) |
| | ) |
| FREDERICK JACKSON | ) (Electronically filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 10th day of November 2004, she served a copy of the attached

**GOVERNMENT'S RESPONSE TO PETITIONER'S AMENDED
MOTION PURSUANT TO 28 U.S.C. § 2255**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:
Frederick Jackson
Reg. #53891-004
Federal Prison Camp
P.O. Box 1000
Loretto, PA 15940

/s/ Mary Zerance
_____

Mary Zerance
Legal Assistant

11