IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 1:CR-00-234-01 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **FREDERICK JACKSON,** | : | |
| Petitioner | : | |

**MEMORANDUM AND ORDER**

Before this Court is Petitioner's <u>pro se</u> second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Doc. No. 66.) This matter has been fully briefed and is ripe for disposition. For the reasons that follow, Petitioner's motion will be denied.

**I.   Background**

On August 23, 2000, Petitioner Frederick Jackson was indicted for harboring a fugitive in violation of 18 U.S.C. § 1071. (Doc. No 2.) After a two day jury trial, Petitioner was found guilty on January 9, 2001 and sentenced to 51 months confinement on July 18, 2001. (Docs. No. 31-34, 43.) Petitioner timely filed a notice of appeal and by Order dated January 13, 2003, the Third Circuit Court of Appeals affirmed Petitioner's conviction and sentence. (Doc. No. 55.)

On March 17, 2004, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Doc. No. 57.) On April 26, 2004, Petitioner filed a motion seeking permission to amend his petition. (Doc. No. 60.) By Order dated April 30, 2005, the Court granted Petitioner leave to amend (Doc. No. 61) and docketed Petitioner's proposed amended petition as an amended motion to vacate sentence under 28 U.S.C. § 2255 (Doc. No. 62).

On July 15, 2004, Petitioner filed a second motion to amend (Doc. No. 63), which the Court granted on August 23, 2004 (Doc. No. 65). On September 7, 2004, Petitioner filed his second

amended motion to vacate sentence under 28 U.S.C. § 2255. (Doc. No. 66.) On November 10, 2004, the Government filed a response (Doc. No. 71) and on December 27, 2004, Petitioner filed a reply. (Doc. No. 76.)

**II.    Standard of Review**

An evidentiary hearing is required by § 2255 "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also U.S. v. Baynes, 622 F.2d 66, 68 (3d Cir. 1980). Where the record affirmatively indicates that a Petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987).

**III.   Discussion**

Petitioner raises two claims in support of his motion to vacate, set aside, or correct sentence: (1) that his sentence violates Blakely v. Washington, 124 S. Ct. 2531 (2004); and (2) that he was denied effective assistance of counsel. (Doc. No. 66.) The Court will address each claim in turn.

A.       **SENTENCING**

Petitioner argues that his sentence is unconstitutional in light of Blakely.  Specifically, Petitioner contends that the Court, in applying the Federal Sentencing Guidelines, unconstitutionally based his sentence, at least in part, upon the weight of the drugs carried by the fugitive Petitioner harbored, without the Court submitting the issue to a jury for a finding beyond a reasonable doubt.  (Doc. No. 66.)

In Blakely, the Supreme Court held that a court may not sentence a criminal defendant to a term of imprisonment beyond a sentence that can be imposed "solely on the basis of facts [other than a prior conviction] reflected in the jury verdict or admitted by the defendants."  124 S. Ct. at 2537.  Petitioner's reliance upon the Blakely decision is misplaced as the Supreme Court in Blakely specifically stated that its decision did not apply to the Federal Sentencing Guidelines.  Blakely, 124 S. Ct. 2538 n. 9.  However, in the interest of justice, the Court construes Petitioner's argument as encompassing the more recent Supreme Court ruling in United States v. Booker, 125 S. Ct. 738 (2005).  In Booker, the Supreme Court extended its holding in Blakely to the Federal Sentencing Guidelines and ruled that the guidelines themselves were unconstitutional insofar as they were mandatory.  125 S. Ct. at 750.

This Court sentenced Petitioner on December 18, 2002, the Third Circuit Court of Appeals affirmed his conviction and sentence on December 18, 2002, and Petitioner's conviction became final for direct review as of April 11, 2003.  As the finalization of Petitioner's conviction predates Booker, the issue before the Court is whether Booker should be applied retroactively to cases on collateral review.  While a new right must first be recognized by the Supreme Court, the lower federal courts may determine the issue of retroactivity of that new right when the issue, as here, has not been decided by

the Supreme Court and when it is raised in a petitioner's first § 2255 motion.  United States v. Swinton, 333 F.3d 481, 485-87 (3d Cir. 2003).

The Third Circuit has had only one occasion to rule on Booker's retroactivity, In Re: Anthony Bola Olopade, 403 F.3d 159 (3d Cir. 2005).  Olopade involved an application to file a successive petition for habeas relief pursuant to 28 U.S.C. § 2244(b)(3)(C).  In that case, the Third Circuit held that the petitioner could not make a "prima facie showing" that Booker constituted a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Olopade, 403 F.3d at 163-64.  The Third Circuit found that:

> the Supreme Court has not expressly held that Booker is applicable to cases on collateral review.  In the Booker decision itself, the Court did not mention collateral review and only expressly applied its holding to cases on direct appeal. . . .  And, in no subsequent case has the Supreme Court addressed, let alone decided, whether Booker has retroactive effect. . . . [Moreover,] there is no combination of Supreme Court decisions that "dictates" that Booker has retroactive force on collateral review . . . .

Olopade, 403 F.3d at 162-63 (internal citations omitted).  Although the Third Circuit explicitly chose not to address the issue of "whether Booker applies retroactively to prisoners who were in the initial § 2255 motion stage as of January 12, 2005," the language of Olopade strongly indicates that Booker has no retroactive force at any stage during a collateral review.[1]  Olopade, 403 F.3d at 164 n 6.

---

[1] "[T]he most analogous Supreme Court case, Schriro v. Summerlin, 124 S. Ct. 2519 (2004), strongly suggests [that Booker has no retroactive force on collateral review].  In Schriro, the Court held that Ring v. Arizona, 536 U.S. 584 (2002), in which the Court applied Apprendi and found unconstitutional the provisions of the State of Arizona's death penalty sentencing scheme that allowed a judge rather than a jury to find aggravating factors, did not announce a 'watershed rule[]of criminal procedure' applicable retroactively to cases on collateral review.  Considering that Booker, like Ring, is simply the application of the principles of Apprendi to a particular subject, we conclude that the Schriro holding strongly suggests that Booker is likewise not retroactively applicable to cases on collateral

The Third Circuit Court of Appeals also held that a similar newly recognized constitutional right under Apprendi v. New Jersey, 530 U.S. 466 (2000) was not retroactive.  United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003).  In Apprendi, the Supreme Court ruled that, other than a prior conviction, any sentencing enhancement beyond the state statutory maximum must be based upon facts found by a jury beyond a reasonable doubt.  530 U.S. at 471, 490.  Following the reasoning in Teague v. Lane, 489 U.S. 288 (1989), the Third Circuit Court of Appeals in Swinton explained that Apprendi announced a new rule of criminal procedure, rather than a new decision of substantive criminal law, and that this new rule would not apply retroactively unless it "(1) places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe; or (2) requires the observance of those procedures that are implicit in the concept of ordered liberty."  Swinton, 333 F.3d at 487.  The court concluded that Apprendi did not satisfy either exception and therefore, the new rule could not be applied retroactively to cases on collateral review.  Swinton, 333 F.3d at 487-90.

The Court notes that the new rule in both Booker and Apprendi are similar.  The Booker court relied heavily on Apprendi in making their determination and Justice Stevens's opinion for the Court in Booker ended by reaffirming the Apprendi holding.  Booker, 125 S. Ct. at 756.  Therefore, the logic of Swinton could easily be applied to the case at bar, demonstrating that, like Apprendi, Booker has no retroactive force during collateral review.  Nevertheless, the Court will examine Booker under the Teague analysis to determine if Booker should be applied retroactively to cases on their initial § 2255 motion during collateral review.  See United States v. Enigwe, 2005 U.S. Dist. LEXIS 6809 (E.D. Pa.

---

review."  Olopade, 403 F.3d at 163 (internal citations omitted)

2005)(in denying a petitioner's motion for reconsideration under Federal Rule of Civil Procedure 60(b), the Court examined Booker under the Teague analysis and found that it should not be applied retroactively to cases on collateral review).

As a threshold matter, the Court finds that Booker created a new procedural rule of law, after Petitioner's conviction became final. See Swinton, 333 F.3d at 489 (quoting Teague, 489 U.S. at 301) ("a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government"); United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003) (quoting United States v. Sanders, 247 F.3d 139, 147 (4th Cir. 2001)(holding that procedural rules "dictate[] what fact-finding procedure must be employed to ensure a fair trial" rather than dictate which particular conduct is unlawful). A case announces a new rule "if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301. Although Booker relied on earlier precedent, the Supreme Court's ruling dramatically redefined the manner in which the Court sentences convicted individuals. At the time that Petitioner's sentence became final, a "reasonable jurist would not have felt compelled" to adopt the rule announced in Booker. Id. As such, in order to apply retroactively, the new rule must satisfy one of the two Teague exceptions.

The first exception, that the rule "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," is inapplicable to this case. Teague, 489 U.S. at 311-13. "Under the second exception, a new rule applies retroactively if it is 'implicit in the concept of ordered liberty,' implicating 'fundamental fairness', and is 'central to an accurate determination of innocence or guilt', such that its absence 'creates an impermissibly large risk that the innocent will be convicted.'" Enigwe, 2005 U.S. Dist. LEXIS at *21 (quoting Teague, 489

U.S. at 311-13 and Swinton, 333 F.3d at 487).

Neither of Booker's holdings are "central to an accurate determination of innocence or guilt: such that there is "an impermissibly large risk" that an innocent individual will be convicted. Teague, 489 U.S. at 313. In Schriro v. Summerlin, 124 S. Ct. 2519 (2004), the Supreme Court found that:

> the mixed reception that the right to jury trial has been given in other countries, though irrelevant to the meaning and continued existence of that right under our Constitution, surely makes it implausible that judicial factfinding so seriously diminishe[s] accuracy as to produce an impermissibly large risk of injustice. When so many presumably reasonable minds continue to disagree over whether juries are better factfinders at all, we cannot confidently say that judicial factfinding seriously diminishes accuracy.

Summerlin, 124 S. Ct. at 2525 (internal citations and quotations omitted)(emphasis in original). See also footnote 1, supra. Similarly, Booker's holding that the sentencing guidelines are advisory does not "create[] an impermissibly large risk that the innocent will be convicted." Teague, 489 U.S. at 312-13. Rather, the new rule making the guidelines advisory goes to ensuring reasonable sentences for individuals already convicted of a criminal offense. Accordingly, the Court finds that Booker is not a "watershed rule" that should be applied retroactively to cases on collateral review. Olopade, 403 F.3d at 163. As Petitioner's conviction became final prior to Booker and Blakely, this claim must be denied. However, as the Third Circuit has not explicitly spoken on the issue, this Court will dismiss the claim without prejudice to refile in the event that the Third Circuit or Supreme Court makes Booker retroactive to cases on collateral review.

### B.    INEFFECTIVENESS OF COUNSEL

Petitioner asserts that he was denied effective assistance of counsel during trial and on appeal. (Doc. No. 66.) The Supreme Court established a two-prong test in determining whether counsel was

so ineffective as to constitute a violation of a defendant's right to counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). "A petitioner must show (1) that counsel made errors so serious that counsel's representation fell below an objective standard of reasonableness, and (2) that such failure resulted in prejudice so as to deprive the petitioner of a fair trial, that is, a trial whose result is reliable." Zettlemoyer v. Fulcomer, 923 F.2d 284, 295 (3d Cir. 1991)(citing Strickland, 466 U.S. at 687-688). Both prongs must be satisfied before a conviction is overturned based on ineffectiveness of counsel. Strickland, 466 U.S. at 687.

The first prong of Strickland is met if counsel's performance "fell below an objective standard of reasonableness." Id. at 688. "Judicial scrutiny in this regard, however, is highly deferential." Affinito v. Hendricks, 366 F.3d 252, 258 (3d Cir. 2004). See also Strickland, 466 U.S. at 689. The Court in Strickland observed:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Strickland, 466 US. at 689 (internal citation omitted). Therefore, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Counsel cannot be found ineffective for failing to raise a claim that lacks merit. Singletary v. Blaine, 89 Fed. Appx. 790, 794 (3d Cir. 2004) (non-precedential opinion) (citing Moore v. Deputy Commissioner of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991)). Although counsel has a duty to investigate, counsel may reasonably decide that certain investigation is unnecessary. Strickland, 466

U.S. at 691.

The second Strickland prong may be reached only after the first is demonstrated. Affinito, 366 F.3d at 258. To establish prejudice requires a showing that, but for alleged deficiencies of counsel, the outcome of the case would have been different. Hess v. Mazurkiewicz, 135 F.3d 905, 909 (3d Cir. 1998). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner asserts that he was denied effective assistance of counsel when his former counsel failed to execute the following actions: (1) file a motion to disqualify the undersigned Judge; (2) object to witness Mosley's testimony; (3) raise the above on appeal. (Doc. No. 60.) The Court will discuss each argument in turn.

### 1. Motion to disqualify Judge

Petitioner argues that his attorney provided ineffective assistance of counsel in failing to move for the undersigned Judge's recusal. (Doc. No. 60.) Petitioner argues that the Court had a bias against him because Petitioner's name had arisen in previous drug cases before the Court. (Docs. No. 60, 76.) Petitioner asserts that this prejudiced the Court against him, unjustly influencing the issuance of the search warrant of his residence and his sentence. (Id.)

As a preliminary matter, the Court did not issue the instant search warrant. The warrant was authorized by Magistrate Judge Smyser and therefore could not have been influenced by the alleged bias of the Court. With regards to Petitioner's sentencing, there is nothing in the record that suggests personal bias or prejudice by the Court that would preclude fair judgment, nor are there any facts from

which a reasonable person would conclude that the impartiality of the Court might reasonably be questioned.  See 28 U.S.C. § 144; 28 U.S.C. § 455; Edelstein v. Wilentz, 812 F.2d 128 (3d Cir. 1987).  The complained of prior references to Petitioner played no part in the Court's sentencing.  The Court specifically stated at sentencing that these statements would have no bearing on Petitioner's sentence, as he was "not here as a drug dealer.  You're here for harboring a fugitive, and that's what you have to answer to today."  (July 12, 2001 Sentencing Transcript at 19-20.)  A motion to disqualify the Judge would have been meritless.

Counsel cannot be found ineffective for failing to raise a claim that lacks merit.  Moore, 946 F.2d at 245.  Accordingly, Petitioner's Sixth Amendment rights were not denied by his former counsel's decision not to pursue this motion.

    **2.**    **Object to witness Mosley's testimony**

Petitioner argues that his attorney provided ineffective assistance of counsel by failing to object to the Government's calling Rodney Mosley as a witness since the Government failed to confirm or deny he would be a witness prior to trial and did not turn over Jencks material for witness Mosley prior to trial.  (Docs. No. 60, 76.)  Petitioner contends that these failures prevented Petitioner from properly preparing a defense and constituted "prosecutorial misconduct."[2]  (Doc. No. 60.)  However, the Government is not required "to divulge the identity of its witnesses in a noncapital case."  United States v. Addonizio, 451 F.2d 49, 62 (3d Cir. 1972).  See also United States v. Casseus, 282 F.3d 253, 257 (3d Cir. 2002) ("[I]t is clear that a criminal defendant does not have the right to full discovery of the

---

[2] The Government asserts that this refusal to confirm arose out of a genuine fear for the safety of witness Mosley's family.  (Doc. No. 69.)

government's case"). The Government is also not required to turn over Jencks material until after a witness testifies. 18 U.S.C. § 3500(b); United States v. Hill, 976 F.2d 132, 139-140 (3d Cir. 1992). Here, the Government produced witness Mosley's Jencks material prior to his testimony, although not as early as the Jencks material of the other Government witnesses. (Doc. No. 69.)

Accordingly, the Court finds no indication of prosecutorial misconduct in the Government's actions with regard to witness Mosley. Moreover, counsel's effective cross examination of witness Mosley at trial demonstrates that Petitioner was not caught unaware and unprepared by the Government's actions. (January 9, 2001 Trial Transcript.) Because an attorney cannot be found ineffective for failing to raise a claim that lacks merit, Petitioner's Sixth Amendment rights were not denied by his former counsel's decision not to pursue this motion. Moore, 946 F.2d at 245.

### 3. Failure to raise issues on appeal

Lastly, Petitioner argues that his attorney provided ineffective assistance of counsel in failing to raise the aforementioned issues on direct appeal to the Third Circuit Court of Appeals. (Doc. No. 60, 76.) An attorney cannot be found ineffective for failing to raise meritless claims. Moore, 946 F.2d at 245. For the reasons discussed above, each of Petitioner's aforementioned claims are without merit. Moreover, upon consideration of the record as a whole, the Court finds no indication that the conduct of Petitioner's former counsel fell outside the reasonable professional assistance guaranteed by the Sixth Amendment. Accordingly, Petitioner's claim of ineffective assistance of counsel will be dismissed.

## IV.   Conclusion

For the abovementioned reasons, the Court finds that Petitioner is not entitled to the relief

requested as a matter of law on the basis of any of the claims set forth in the instant motion to vacate, set aside, or correct sentence. Because Petitioner is not entitled to relief even if the factual predicates as alleged in the motion are true, an evidentiary hearing need not be conducted. Accordingly, Petitioner's second amended motion to vacate, set aside, or correct sentence will be denied. (Doc No. 66.)

V. <u>Order</u>

**AND NOW**, this 9th day of May, 2005, for the foregoing reasons, **IT IS HEREBY ORDERED THAT:**

(1) Petitioner's claim that the Court erred in determining his sentence is **DISMISSED** without prejudice;

(2) Petitioner's claim of ineffectiveness of counsel is **DISMISSED** with prejudice.

As all of Petitioner's claims have been dismissed, Petitioner's 28 U.S.C. § 2255 second amended motion to vacate, set aside, or correct sentence (Doc. No. 66) is **HEREBY DENIED**.


    s/ Yvette Kane
Yvette Kane
United States District Judge