ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK JACKSON,
    Petitioner,

-V-

UNITED STATES OF AMERICA
    Respondent,

FILED
HARRISBURG, PA
JUN 0 2 2005
MARY E. D'ANDREA, CLERK
Per _____

No. 1:CR-00234-01

JUDGE KANE

APPLICATION FOR
CERTIFICATE OF
APPEALABILITY

Comes now the petitioner, Frederick Jackson, pro se, and moves this honorable Court grant the herein APPLICATION FOR CERTIFICATE OF APPEALABILITY, and permit the herein petitioner appeal the Court's denial of his section 2255 petition, as evidenced by the attached order of the court, based upon facts and law set forth in support of this request which are directly annexed hereto.

WHEREFORE, petitioner moves the herein petition for a certificate of appealability be granted and the Court acknowledge this application as a timely notice of appeal if applicable.

Respectfully,

*Frederick Jackson*   53891-004

FREDERICK JACKSON
PRO SE PETITIONER
C/O FEDERAL CORRECTION
INSTITUTE AT LORETTO, PA
REG. NO. 53891-004
P.O. BOX 1000
LORETTO, PA 15940

CERTIFICATE OF SERVICE

A COPY OF THIS APPLICATION WAS SENT THIS 30th day of MAY, 2005, to the United States Attorney at Harrisburg, Pa.

*Frederick Jack*
53891-004

MEMORANDUM IN SUPPORT

PROCEDURAL HISTORY

On January 9, 2001, petitioner was found guilty of Harboring a Fugitive, in violation of 18 U.S.C. Section 1071. petitioner was sentenced to a term of incarceration, pursuant to the now defunct MANDATORY FEDERAL SENTENCING GUIDELINES, of 51 months. On January 13, 2003, the Third Circuit Federal Court of Appeals affirmed petitioner's conviction and sentence. On March 17, 2004, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. Section 2255. After amending his petition per court approval, twice, the petitioner filed his second amended petition on November 10, 2004. On May 9, 2005, after a response from the government, the court denied petitioner habeas corpus relief, dismissing count 1 of his petition, attacking his sentence, without prejudice, and dismissing count II, involving claims of ineffective counsel, with prejudice.

The petitioner recieved the Court's ruling within 3 days of its journalization date and now timely moves for a certificate of appealability to the third circuit court of appeals to review the said denial of his habeas corpus petition.

ARGUMENTS PROPOSED FOR APPEAL

I.

SENTENCING ERROR

Petitoner asserts that the United States Supreme Court's ruling in UNITED STATES V. BOOKER, 125 S. CT. 738 (2005), should be applied, retroactively, to cases on collateral review, such as the herein

matter. Petitioner states that he has a good faith belief the Supreme Court of The United States will, on his direct appeal, rule that the BOOKER decision applies to his sentencing situation. As the trial court noted, the Supreme Court has not ruled on that issues as yet. In addition, although the trial court noted in its opinion that the Third Circuit has not ruled in favor of BOOKER retroactivity, but, that it was dismissing Count I of the petition, WITHOUT PREJUDICE, ..to refile in the event that the Supreme Court or The Third Circuit eventually rules or recognizes the retroactivity of BOOKER.
The Petioner states that he has an interest in proceeding through to the Third Circuit for the following reasons:

1. The Third Circuit may eventually adopt, in petitioner's case, the retroactive doctrine as it relates to the petitioner's case. The petitioner would like to argue this legal issue directly to the Third Circuit.

2. The petitioner would, if neccesary, desire to present his BOOKER arguments to the U.S. Supreme Court by way of a Writ of Certiorari, which can only be filed after a direct appeal to the third circuit court of appeals.

Denying the herein APPLICATION FOR A CERTIFICATE OF APPEALABILITY would amount to a denail of access to the U.S. SUPREME COURT, which the CERTIFICATE OF APPEALABILITY RULE was not designed to do. Petitioner states that he believes the BOOKER decision must be applied retroactively to collateral review petitions since to do otherwise would amount to a denial of equal protection of the law to the class of litigants who file collateral petitions. This would be in violation of the U.S. Constitutions gauruntee

under the fourteenth and fifth amendments to the United States Constitution. JACOBS, VISCONI AND JACOBS CO., V. CITY OF LAWRENCE, KANSAS, 927 F2d 1111 (10th Cir. 1991).

Petitioner respectfully suggest the view taken by the third Circuit in <u>Olopade</u>, 403 F3d. at 163-164, 2005, against retroactivity is contra the series of holdings by the United States Supreme Court, beginning with the benchmark case of U.S. V. Jones and proceeding, in a progressive nature toward retroactivity, in such cases as <u>Apprendi</u>, <u>Blackley</u>, <u>BOOKER</u>, <u>FANFAN</u> and their continuity of pro-litigant holdings, suggest the court will cap of the BOOKER SEQUENCE by holding, this summer, that BOOKER is indeed retroactive and applicable to petitions for collateral review. Thus, the trial court should grant a certificate of appealability based upon this issue.

II.

INNEFECTIVE ASSISTANCE OF COUNSEL

Petitioner also asserts the trial court's denial of his constitutinal claims involving a denial of ineffective counsel do present a justiciable appellate issue. Specifically, the petioner, by reference, adopts the arguments contained in his December 2004 response to the prosecutor's opposition brief. The petitioner attaches same to the herein argument for purposes of convenience. The petitioner states that the arguments contained in section II AND III of that response are justiciable for appellate review based upon their content. The petitoner disagrees with the trial court's decision which blanket's the complained of conduct in terms of "harmless error."

Wherefore, the petitioner moves the herein application be granted.

Respectfully,

*[signature: Frederick Jack]*
FREDERICK JACKSON
PRO SE PETITIONER

Fred Jackson 53891-004
Federal Prison Camp Loretto
P.O. Box 1000
Loretto, PA. 15940



Office Of The Clerk Of Courts
United States District Court
United States Courthouse
28 Walnut St.
P.O. Box 983
Harrisburg, PA. 17108