IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK JACKSON,
      Petitioner

-V-                      Case No. 1:CR-00-234-01

UNITED STATES OF AMERICA,
      Petitioner,

FILED
HARRISBURG, PA
JUN 0 2 2005
MARY E. D'ANDREA, CLERK
Per _____

.............................

**PETITIONER'S RESPONSE TO THE GOVERNMENTS
RESPONSE TO PETITIONER'S AMENDED MOTION
PURSUANT TO 28 § U.S.C. 2255**

    NOW INTO COURT, Comes Frederick Jackson, the petitioner appearing through Pro-Se representation and respectfully submits to this Honorable Court his response to the government recommendations.

    This is a Pro-Se Motion and such is to be held to less stringent standards than those drafted by an attorney. <u>HAINES V. KERNER,</u> 30 L. Ed. 2d. 652 (1972). The allegations in a Pro-Se motion must be taken as true and construe in favor of the defendant. <u>CRUZ V. BETO,</u> 31 L. Ed. 2d. 263(1972): <u>UNITED STATES V. GARTH</u> 188 F. 3d. 99 (3rd. Cir. 1999).

    In Support Thereof, The Petitioner States As Follows:

## ARGUMENT I

The government claims that petitioner cannot raise a **BLAKELY** issue, because according to the government **BLAKELY** is not applicable to defendants whose convictions became final on direct review before **BLAKELY** was decided. In lay-person terms the government claims that **BLAKELY** has not been made or ruled retroactive applicable to collateral review.

In this instance, the petitioner reiterates his position as dictated on his proposed amended Motion Pursuant to 28 § 2255 filed in this Honorable Court, thus incorporating the retroactive discussion herein this argument. In this proposed amended motion Jackson stressed that **BLAKELY** should and must be applied retroactively to his collateral review motion since it reflects all the courts current(and clearest) understanding of what it is that the constitution requires and has always required.

Additionally, the government claims that every circuit has reached the conclusion that **BLAKELY** does not apply retroactive to collateral attacks. While this might be true of _almost_ every sister circuit, But this circuit has not implied that holding in any published case, nor does the government cite a third circuit case law to support there allegations.

The Sixth Circuit in **WIEGAND V. UNITED STATES**, 380 F. 3d. 890, held that the district court erred by holding that it could not decide whether **JONES** 146 L. Ed. 2d. 902, a Supreme Court ruling was retroactively applicable to cases on collateral review, thus leaving that decision to the circuit court or the Supreme Court. But what's really interesting about this Sixth Circuit case is that it cited a third circuit case called **UNITED STATES V. SWINTON**, 333 F. 3d. 481 in where the third circuit concluded that the statute of limitations provision of § 2255 allows district courts like this one and court of appeals to make retroactivity decisions. **SWINTON** at 486, since it is essential for the district or appellate court to make the retroactivity decision to put the question before the Supreme Court for final resolution, otherwise how else would a retroactivity question get before the Supreme Court. Also Please See **ASHLEY V. UNITED STATES,** 266 F. 3d. 671 (7th Cir.).

Thus, based on this Mr. Jackson asserts that **BLAKELY** should necessarily be applied retroactive on his initial motion pursuant to 28 § 2255, and that this Honorable court can independently make this decision, without the Supreme Court interceding or waiting for the Supreme Court to make the decision. **SWINTON SUPRA.** As for Mr. Jackson's trial and appellate attorneys failure to raise this issue in any of Jackson previous proceedings must be held ineffectiveness, and this Honorable Court may exercise its discretion and address this serious issue since it seriously affected the fairness, integrity and public reputation of Mr. Jackson's trial process. **UNITED STATESD V. STEARNS,** 387 F. 3d. at 107.

<u>ARGUMENT II</u>

## DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A TIMELY MOTION TO DISQUALIFY THE DISTRICT FOR BEING BIAS

As mentioned before, the district judge was bias and prejudice toward Mr. Jackson before sentencing, thus predetermining Mr. Jacksons fate long before Jackson was ever sentence. Thus, a motion for disqualification here was warranted and mandated to have up held Mr. Jackson Due Process Rights.

During sentencing, the district judge erroneously explained to Mr. Jackson that she heard Jackson's name before Jackson ever even came in the courtroom from drug dealers who have been in the same courtroom Jackson appeared, which were convicted of large drug dealing, which the Honorable Judge her self mention a defendant John Watson who's case is irrelevant to Mr. Jackson's case. Sentencing Trans. Page 19. Hence, before Mr. Jackson was ever arrested or convicted, a drug dealer named John Watson was convicted of a large drug charge and ultimately convicted and sentenced before the Honorable Judge Kane to a thirty(30) year sentence. This Mr. Watson was not Jackson's co-defendant nor was he a part of Jackson's criminal charges, but nonetheless, during Mr. Watson's trial, for reasons unknown suggested to Judge Kane, the same Judge that sentenced Mr. Jackson that Mr. Jackson was a drug dealer. Sent Trans. Page 19.

Hence, during Watson's trial, the Honorable Judge Kane had predetermined that a person named Frederick Jackson was a big drug dealer with or like Mr. Watson, than the same Honorable Judge Kane sentences Mr. Jackson. An eyebrow must be raised on this coincidence and assume that the court's comment at Jacksons sentencing phase played a vital part in Jacksons sentence.

Thus, we must determine whether a reasonable and objective person, knowing all of the facts would harbor doubts concerning the judges impartiality. **LILJBERG V. HEALTH SERVICES ACQUISITION CORP.** 100 L. Ed. 2d. 855 (1988).

The Honorable Judge Kane herself stated that she heard Jackson's name before about drug trafficking without Mr. Jackson ever being in her courtroom. Sent. Trans. Page 19, thus this alone must put a doubt on Judge Kane's impartiality. In **RE MURCHISON,** 349 U.S. at 136, the Supreme Court held, "that a fair trial in a fair tribunal is a basic requirement of due process" and the _appearance_ of bias or prejudice on the part of a trial judge may violate a petitioners due process right. Thus, in other words a disqualification motion should be filed by a defendants attorney if it simply _appears_ that the judge presiding _appears_ to be bias or prejudice. The due process clause may sometimes bar trial by judge who have no actual bias and who would do their best to weigh the scales of justice equally between contending parties, but to perform its high function in the best way justice must satisfy the _appearance_ of justice. **JOHNSON V. CARROLL,** 250 F. Supp. at 404 (3rd. Cir. 2003).

Thus, the magic word here is _appearance_. By Judge Kane mentioning at sentencing that Frederick Jackson's name had been brought forth to her courtroom by a convicted drug dealer without Judge Kane knowing that someday Fredrick Jackson would be standing before her for sentencing certainly must _appear_ that the Honorable Judge Kane must have had some bias toward Frederick Jackson way before Jackson ever appeared in front of her for sentencing.

---

Assuming Judge Kane did not have anything to do with the decision to indict and seek an arrest warrant for Mr. Jackson as the government clams. The sentencing Judge's recitation to Mr. Jackson at sentencing that she "heard his name long before Jackson had step into her courtroom by a convicted drug dealer," appears to have tainted Jackson's sentencing phase with bias and prejudice.

Thus, Mr. Jackson's defense attorney had an obligation and responsibility to his client to merely challenge the sentencing courts impartiality, when it <u>appeared</u> that the Honorable Judge Kane had heard Mr. Jackson's name in her courtroom by a convicted drug trafficker which was neither Jackson co-defendant nor part of Jackson's criminal charges. Hence, Mr. Jackson's defense attorney fell below an objective standard of reasonableness when he failed to file a motion to challenge the sentencing courts impartiality when it <u>appeared</u> that the sentencing judge was being bias and prejudice toward Jackson at sentencing when she reminded Jackson that she heard his name before in her courtroom by a convicted drug trafficker, this was not just a variety garden blunder but a serious violation of Jacksons constitutional rights. The mere <u>appearance</u> of bias was sufficient for Jacksons defense counsel to have challenged the sentencing judges impartiality and the sentencing transcripts records support this appearance and Jackson's claim of ineffective assistance of counsel.

### <u>ARGUMENT III</u>

#### DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO OBJECT ON THE GOVERNMENTS WITNESS THAT THAT WAS NOT CONFIRMED AS A GOVERNMENT WITNESS

Here the government claims no rule or provision mandates the government to provide a list of the witnesses prior to trial, but the government consents to the fact that it is there practice to provide this information by Friday before a Monday jury selection as was Jackson's case, but at the same time the government claims they didn't do anything wrong by not disclosing to the defense the identity of Rodney Mosley as a government witness since the government was suposely protecting Rodney Mosely's well being and that Rodney Mosely feared for his mother's safety. The governments claim here must fail since there own response contradicts there claim.

The government themselves claim that Rodney Mosley was adverse and a unwilling government witness which gave favorable testimony to Mr. Jackson's defense, Governments Resp. at 8,9, but the government at the same time claims that Rodney Mosley feared for his life and his family members life, thus, the government is actually trying to have its cake and eat it too, the government simply cannot have it both ways, how can Mr. Mosley be an adverse government witness and fear for his life at the same time, if Mr. Mosley was an adverse government witness there is no need to fear for his well being or his families since Mr. Mosley was going to give favorable testimony for Mr. Jackson. A willing cooperating witness or informant is always at risk at reprisal since the testimony given will be favorable to the government but an unwilling government witness like Mr. Mosley a true confidant and friend to Mr. Jackson had no need to have feared for his life or his families life. Governments Resp. At 8. Let alone be protected by the the government, thus, the governments claim here is unsupported by there own response and must fail.

---

It should be noted that Rodney Mosley could not have feared for his mothers safety too much as the government claims, because Mr. Jackson's mother and Mr. Mosley's mother are best of friends and both attend church services

### ARGUMENT IV

**APPELLATE ATTORNEY WAS INEFFECTIVE WHEN HE FAILED TO FILE SIGNIFICANT AND OBVIOUS ISSUES ON MR. JACKSON'S APPELLATE BRIEF**

Mr. Jackson's appellate attorney denied him his right of effective assistance of counsel on Jackson's direct appeal when he brilliantly objected and litigated numerous meritorious issues at sentencing, but consequently, only raised one of the issues on Jackson's appellate brief. This was done against Mr. Jackson's will, since his appellate attorney filed to furnish Jackson with a formal brief for his review before submitting the brief to the Appeals Court.

The American Bar Association standard on the precise question before us simply stated in its model code of professional responsibility, "The decision whether to plead guilty or contest a criminal charge is ordinary the most important single decision in any criminal case." This decision must ultimately be left to the client's wishes, but counsel may and must give his client the benefit of counsel's professional advice on this crucial decision.

In Mr. Jackson's case, his trial attorney not only failed to raise the meritorious issue he litigated at sentencing on Jackson's appellate brief, but also failed to permit his client to review the contents of the appellate brief that was submitted by his trial/appellate counsel on his behalf.

Thus, Jackson's appellate attorney fell below an objective standard of reasonableness in failing to file meritorious issues on Jackson's appellate brief such as (i) trial attorney failing to file a motion to disqualify Judge Kane when it appeared that Judge Kane was bias and prejudice toward Mr. Jackson after hearing from a third party irrelevant to Mr. Jackson's case, that Mr. Jackson was a drug dealer; and (ii) when trial counsel failed to object on the use of a government witness that was not confirmed as a witness.

These issues have been explained in detail on this response and on Jackson's initial § 2255, that if Jackson's attorney would have raised them on appellate review there would have been a reasonable probability that Mr. Jackson would have prevailed on appeal. The only possible reason Mr. Jackson's appellate attorney, which was also Jackson's trial attorney, could have had to omit the meritorious issues mention above was to keep his own ineffectiveness under the radar from the appellate court, even though appellate counsel is not required to raise his own ineffectiveness on appeal. **PAGE V. UNITED STATES**, 884 F. 2d 300.

Thus, Jackson's appellate counsel was laboring under a conflict of interest when he actively represented conflicting interests that is Jackson's interest in raising meritorious issue on his appeal, and Jackson's appellate interest in not documenting the aftermention meritorious issue that would have revealed that Jackson's appellate counsel was ineffective at Jackson's trial. Thus, the conflict of interest adversely affected Jackson's appellate attorney's performance which in return severly prejudice Mr. Jackson. **CUYLER V. SULLIVAN**, 64 L. Ed. 2d 333 (1980).

## ARGUMENT V

### PROSECUTORIAL MISCONDUCT

On this issue, Mr. Jackson reiterates his position as dictated in his initial motion to amend. Hence, not waiving this issue for appeal in an event of an unfavorable decision by this Honorable Court.

### CONCLUSION

Considering the serious violations at hand, Mr. Jackson prays that this Honorable Court not dismiss his motion pursuant to 28 U.S.C. § 2255, but vacate and remand his case for a retrial in front of a different Judge or at the very least, grant an evidentiary hearing to resolve Mr. Jackson's ineffective assistance of counsel claim. UNITED STATES V. DAWSON, 857 F. 2d 923 (3rd Cir. 1988); HULL V. FREEMAN, 932 F. 2d 159 (3rd Cir. 1991).

Respectfully Submitted

Frederick Jackson   Pro-Se
REG# 53891-004
Federal Prison Camp
P.O. Box 1000
Loretto, PA  15940

Executed On This 30 th Day Of ~~December 2004~~.
May 2005

## CERTIFICATE OF SERVICE

I, Frederick Jackson, hereby certify under the penalty of perjury that on the last date given below, I deposted a true and correct copy of my Response To The Government's Response To Petitioner's Amended Motion Pursuant To 28 U.S.C. 2255 in the Prison Camp's Mail System with first class affixed postage to assure its proper delivery to:

Mr. Eric Pfisterer
U.S. Attorney's Office
United States District Court
Middle District Of Pennsylvania
Harrisburg, PA  17108- 0805

Frederick Jackson  Pro-Se
REG# 53891-004
Federal Prison Camp
P.O. Box 1000
Loretto, PA  15940

Executed On This 30 th Day Of ~~December 2004~~ MAY 2005.

Fred Jackson 53891-004
Federal Prison Camp Loretto
P.O. Box 1000
Loretto, Pa. 15940

Office Of The Clerk Of Courts
United States District Court
United States Courthouse
228 Walnut St.
P.O. Box 983
Harrisburg, Pa. 17108



