IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 1:CR-00-234-01 |
| : | |
| v.        : | (Judge Kane) |
| : | |
| FREDERICK JACKSON,   : | |
| : | |
| Petitioner   : | |

**MEMORANDUM AND ORDER**

Before this Court is Petitioner's pro se application for a Certificate of Appealability filed on June 2, 2005. (Doc. No. 78.) Petitioner seeks to appeal this Court's May 9, 2005, denial of his petition for Writ of Habeas Corpus under 28 U.S.C. § 2255. (Doc. No. 77.)

**I.    STANDARD OF REVIEW**

A certificate of appealability may be issued only when Petitioner makes a "substantial showing of the denial of a constitutional right" and demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 743, 484 (2000); see also Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004) ("If a district court has rejected the constitutional claims on the merits, the showing required to satisfy 28 U.S.C.S. § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**II.    DISCUSSION**

Petitioner argues that a certificate of appealability should be issued because the United States Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005), applies retroactively to

cases on collateral appeal, and because Petitioner was denied effective assistance of counsel. (Doc. No. 78.)

### A.   APPLICATION OF BOOKER

The United States Supreme Court announced a new rule of criminal procedural that requires the facts supporting enhanced sentence be proved to a jury beyond a reasonable doubt or admitted by defendant.[1] See Booker, 125 S. Ct. 738. However, the Supreme Court has held that a new rule of criminal procedure will not be applicable to those cases which have become final before the new rule is announced, such as this case, unless the rule qualifies under one of two narrow exceptions. Teague v. Lane, 489 U.S. 288, 310 (1989). Under the first exception, a new rule applies retroactively when it "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Id. at 307. Under the second exception, a new rule applies retroactively if it is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. Id. at 311-13.

The United States Court of Appeals for the Third Circuit recently concluded that the rule announced in Booker, is subject to the Teague bar and does not apply retroactively to cases on collateral review. Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005). The Court determined that the Booker rule does not place certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. Id. at 614, n.5 (internal citations omitted). In addition, the Court found that the Booker rule is not a watershed rule of criminal procedure implicating

---

[1]Commonly referred to as the Booker rule.

the fundamental fairness and accuracy of the criminal proceeding.  Id. at 616.  Accordingly, neither of the Teague exceptions apply to the Booker rule.  Therefore, this Court will decline to issue a certificate of appealability on the retroactive application of the Booker rule, as the issue argued by Petitioner has already been decided against him by the Third Circuit Court of Appeals.

      B.      **INEFFECTIVENESS OF COUNSEL**

For the reasons contained in the May 9, 2005, Memorandum and Order (Doc. No. 77), this Court denied Petitioner's claim of ineffective counsel.  Petitioner asserted that he was denied effective assistance of counsel when his former counsel failed to execute the following actions:  (1) file a motion to disqualify the undersigned Judge for bias; (2) object to the Government calling Rodney Mosley as a witness because the Government refused to confirm him as their witness; and (3) raise the above on appeal.  (Doc. Nos. 60 and 78.)

To succeed on a constitutional claim for ineffective assistance of counsel, Petitioner is required to demonstrate that his counsel's error undermined the reliability of the verdict such that, absent the error, a reasonable probability existed that the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).  However, "[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgement."  Id. at 690.  Furthermore, counsel cannot be found ineffective for failing to raise a claim that lacks merit.  Moore v. Deputy Comm'r of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991).

      1.      **Motion to disqualify presiding District Court Judge**

Petitioner argues that his attorney provided ineffective counsel by failing to move for the recusal of the presiding Judge.  (Doc. No. 78.)  "Judicial remarks during the course of a trial that are critical or

disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky v. United States, 510 U.S. 540, 555 (1994). The Supreme Court has suggested that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

The references to Petitioner in other proceedings by the undersigned Judge played no part in the Court's sentencing.[2] The judicial remarks Petitioner complains of do not display a deep-seated antagonism that would preclude fair judgment. Id. A motion to disqualify the Judge would have been without merit; as a result, Petitioner's counsel cannot be found ineffective for failing to raise a claim that lacks merit. Moore, 945 at 245. Accordingly, this Court is persuaded that reasonable jurists would not find the conclusion in the May 9, 2005, Memorandum and Order (Doc. No. 77) debatable or wrong. As a result, the Court will decline to issue a certificate of appealability on this ground.

### 2.     Objection to calling Rodney Mosley as a government witness

Petitioner argues that his attorney provided ineffective assistance of counsel by failing to object to the Government calling Rodney Mosley as a witness because the Government refused to confirm him as their witness. (Doc. No. 78.) The Government is not required to produce the identity of its witnesses in noncapital cases. United States v. Addonizio, 451 F.2d 49, 62 (3d Cir. 1972); see also United States v. Casseus, 282 F.3d 253, 257 (3d Cir. 2002) ("it is clear that a criminal defendant does

---

[2]The Court specifically stated at sentencing that the statements related to Petitioner and drug dealing would have no bearing on Petitioner's sentencing for harboring a fugitive. (July 12, 2001 Sentencing Transcript at 19-20.)

not have the right to full discovery of the government's case").

Although there is no rule or law that requires the Government to confirm its witnesses in a noncapital case, the Government acknowledged in their brief that it was their practice to provide <u>Jenks</u> material the Friday before a Monday jury selection. (Doc. No. 69.) The Government asserts that the refusal to confirm arose out of a genuine fear for the safety of Mosley's family. (<u>Id.</u>) In addition, counsel's effective cross examination of witness Mosley at trial demonstrates that Petitioner was not caught unaware or unprepared by the Government's actions. (Doc. Nos. 69, 78; January 9, 2001 Trial Transcript.) The failure to object made no difference in the outcome of the proceedings because, even if Mosley had been disallowed, the Government had a strong case against Petitioner. Furthermore, as acknowledged by Petitioner (Doc. No 78), Mosley did not prove to be helpful to the Government's case. The claim that counsel was ineffective for failing to object to the Government calling Mosley as a witness is without merit. As a result, this Court is persuaded that reasonable jurists would not find the conclusion in the May 9, 2005, Memorandum and Order (Doc. No. 77) debatable or wrong. Therefore, the Court will decline to issue a certificate of appealability on this ground.

    **3.**    **Failure to raise issues on appeal**

For the reasons discussed above, each of Petitioner's claims are without merit and therefore the failure of counsel to raise the aforementioned issues on direct appeal to the Third Circuit is also without merit. Because an attorney cannot be found ineffective for failing to raise a claim that lacks merit, Petitioner's Sixth Amendment rights were not denied by his former counsel's decisions. <u>Moore</u>, 946 F.2d at 245. The Court will therefore decline to issue a certificate of appealability on this ground.

**III.    CONCLUSION**

This Court is persuaded that reasonable jurists would not find the conclusions made in the May 9, 2005 Memorandum and Order (Doc. No.77) debatable or wrong.  Petitioner has, therefore, failed to make a substantial showing of the denial of a constitutional right as to ineffective assistance of counsel or application of Booker to his case.  Accordingly, the Court will decline to issue a certificate of appealability on Petitioner's claims.

**IV.     ORDER**

**AND NOW**, this 8th day of July, 2005, for the above reasons and all other reasons fully stated in the Memorandum and Order of May 9, 2005, (Doc. No. 77), **IT IS ORDERED THAT** Petitioner's request for a certificate of appealability (Doc. No. 78) is **DENIED**.

    S/ Yvette Kane
Yvette Kane
United States District Judge